887 So.2d 1210 (2004)
SOUTH FLORIDA HOSPITAL AND HEALTHCARE ASSOCIATION, et al., Appellants,
v.
Lila A. JABER, et al., Appellees.
No. SC02-1023.
Supreme Court of Florida.
October 21, 2004.
Mark F. Sundback and Kenneth L. Wiseman of Andrews and Kurth, LLP, *1211 Washington, D.C.; and Miriam O. Victorian of Andrews, Kurth, Mayor, Day, Caldwell and Keeton, LLP, Houston, TX, for Appellants.
Harold McLean, General Counsel and David E. Smith, Attorney Supervisor, Tallahassee, FL on behalf of Florida Public Service Commission; Alvin B. Davis and John T. Butler of Steel Hector and Davis LLP, Miami, FL on behalf of Florida Power and Light Company; Jack Shreve, Public Counsel and John Roger Howe, Deputy Counsel, Office of Public Counsel, The Florida Legislature, Tallahassee, FL on behalf of the Citizens of the State of Florida; Robert Scheffel Wright and John Thomas LaVia, III, Tallahassee, FL and David M. Owen, Chief Assistant County Attorney, Ft. Myers, FL on behalf of Lee County, Florida, for Appellees.
Timothy J. Perry and Vicki Gordon Kaufman of McWhirter, Reeves, McGlothlin, Davidson, Decker, Kaufman and Arnold, P.A., Tallahassee, FL and John W. McWhirter, Jr., of McWhirter, Reeves, McGlothlin, Davidson, Decker, Kaufman and Arnold, P.A. on behalf of Florida Industrial Power Users Group's; Michael B. Twomey, Tallahassee, FL on behalf of Thomas P. and Genevieve E. Twomey; Ronald C. LaFace and Seann M. Frazier of Greenberg Traurig, P.A. on behalf of Florida Retail Federation; Charles J. Beck, Deputy Public Counsel and Stephen C. Burgess, Deputy Public Counsel, Office of Public Counsel, Tallahassee, FL on behalf of the Citizens of the State of Florida; Robert Scheffel Wright and John Thomas LaVia, III of Landers & Parsons, P.A., Tallahassee, FL; and David M. Owen, Chief Assistant County Attorney, Office of the Lee County Attorney, Ft. Myers, FL on behalf of Lee County, Florida, as Intervenors.
PER CURIAM.
We have on appeal a decision of the Florida Public Service Commission (PSC) relating to rates or service of an electric utility. We have jurisdiction. See art. V, § 3(b)(2), Fla. Const. For the foregoing reasons, we affirm the order of the PSC.
The instant action arises from South Florida Hospital and Healthcare Association's (SFHHA) appeal of a PSC order approving a stipulation and settlement agreement entered into by Florida Power & Light (FPL) and certain classes of electricity customers. The settlement at issue resulted from a proceeding initiated by the PSC in August 2000 to consider the effect on FPL's retail rates of the formation of Florida's regional transmission organization and FPL's then-planned merger with Entergy Corporation. On June 19, 2001, the PSC issued an order expanding the scope of the proceeding to provide for a more thorough rate review, and ordering FPL to submit minimum filing requirements, which are comprised of documents, such as balance sheets and property and investment schedules, that provide historical and projected financial and operational data relevant to rate setting. Prior to initiation of the proceeding below, FPL had been operating under a three-year stipulated revenue sharing plan that was approved by the PSC in March 1999.
The parties to the proceeding below, including SFHHA, participated in discovery and submitted hundreds of pages of witness testimony regarding the appropriate level of FPL's retail electricity rates. In October 2001, the PSC issued an order setting the matter for a hearing in April 2002. In January 2002, the parties entered into settlement negotiations. The settlement agreement at issue was approved in March 2002 by each of the parties to the proceeding, except SFHHA.
*1212 The settlement agreement was reviewed by PSC staff and submitted for approval at an agenda conference held on March 22, 2002. The PSC granted each of the parties to the settlement five minutes to present their views in support of the agreement.[1] SFHHA was granted thirty minutes to present its views in opposition. On April 11, 2002, the PSC issued the order approving the settlement agreement, which, in pertinent part, provides for a $250 million base rate reduction, and continuation of the existing revenue cap and revenue sharing plan through 2005. SFHHA subsequently filed a notice of administrative appeal.
On appeal to this Court, SFHHA argues that the PSC's order approving the settlement in the absence of an evidentiary hearing violated its due process and statutory rights. According to SFHHA, Florida law required the PSC to hold an evidentiary hearing in the matter because determining a reasonable level for FPL's rates necessitated resolution of numerous disputed issues of material fact. In support of this argument, SFHHA claims that the evidence submitted during the proceeding below, which would have been further developed with additional discovery and a hearing, supported a rate reduction of $535 million, as opposed to just $250 million. SFHHA further asserts that the PSC promised to hold an evidentiary hearing in the matter, and erred in approving a non-unanimous settlement agreement absent a hearing. Finally, SFHHA urges that the PSC's order approving the settlement agreement was not based on competent, substantial evidence, and that the Commission failed to provide the requisite findings of fact. SFHHA requests that this Court remand the case to the PSC with instructions to complete the discovery process and afford the parties a hearing.
We have carefully considered each argument presented by SFHHA, and determine that none have merit. We hold that the PSC acted in accordance with Florida law and its own policies and procedures in approving the negotiated settlement without conducting an evidentiary hearing. The PSC properly initiated the proceeding below on its own motion for the purpose of ensuring the reasonableness of FPL's rates. See § 366.076(1), Fla. Stat. (2002) (providing that the PSC may, on its own motion, conduct "a limited proceeding to consider and act upon any matter within its jurisdiction, including any matter the resolution of which requires a public utility to adjust its rates"). At the commencement of the proceeding below, the PSC refused to speculate on the need for an evidentiary hearing to address the reasonableness of FPL's rates, and expressly recognized the possibility of a negotiated settlement as provided under Florida law. See § 120.57(4), Fla. Stat. (2002) ("Unless precluded by law, informal disposition may be made of any proceeding by stipulation, agreed settlement, or consent order.").
Subsequently, the PSC expanded the scope of the proceeding to include a more detailed rate review, and ordered the submission of minimum filing requirements. The PSC acted in accordance with the authority granted under section 366.076(1) of the Florida Statutes in broadening its review. See § 366.076(1), Fla. Stat. (2002) (vesting the PSC with the sole authority to determine the issues to be considered during a limited rate proceeding). Its decision to do so did not, however, require the PSC to conduct a full evidentiary *1213 hearing in the matter. In the June 19 order initiating the more thorough rate review, the PSC expressly acknowledged the possibility of resolution through negotiated settlement.
Ultimately, the parties entered into fruitful settlement negotiations. SFHHA does not contend that it was denied notice regarding these negotiations, or was precluded from participating. While SFHHA asserts that it was denied an opportunity to be heard in opposition to the settlement, the record shows that the appellant presented arguments in opposition to the settlement during the agenda conference held on May 22, 2002. The assertions presented at that time tracked those expounded by SFHHA throughout the course of the proceeding below. In sum, there is no basis upon which to conclude that the PSC's approval of the negotiated settlement violated SFHHA's due process or statutory rights.
In rendering this holding, we emphasize that SFHHA is in the same posture as any other non-signatory to the settlement reached below, and may initiate a separate proceeding before the PSC to challenge FPL's rates. In oral argument before this Court, FPL recognized SFHHA's capacity to initiate a separate rate proceeding. The Office of Public Counsel acknowledged this fact before the PSC during the May 22 agenda conference.
SFHHA contends, however, that it cannot commence a separate proceeding to challenge FPL's rates. In support of this position, SFHHA argues that it filed a complaint for a rate reduction in 2001, but that its complaint was dismissed. According to SFHHA, it was precluded from challenging the rates in effect under the then-operative 1999 stipulation, even though it was not a signatory to that agreement. SFHHA posits that any petition it files challenging the rates set forth in the settlement agreement reached below will meet the same fate, and that SFHHA, once again, will be precluded from seeking a rate reduction.
We determine that SFHHA misinterprets the basis upon which the PSC dismissed its complaint. To fully understand the error in SFHHA's argument, we must briefly review the procedure below. As previously stated, on June 19, 2001, the PSC issued an order initiating a more thorough rate review and ordering the submission of minimum filing requirements. In that order, the PSC decided against holding FPL's revenues subject to a consumer refund, stating that the 1999 stipulation still in effect "provides that the revenue sharing plan is to be the parties' `exclusive mechanism' to address any excessive earnings that might occur during the term of the stipulation.... [and] provides some measure of protection for the ratepayers." In re Review of Fla. Power & Light Co.'s Proposed Merger with Entergy Corp, 2001 WL 747637, Order Requiring the Filing of Minimum Filing Requirements, Docket No. 001148-EI, Order No. PSC-01-1346-PCO-EI at 6, 2001 WL 747637 (June 19, 2001). In response, SFHHA filed a request for clarification or reconsideration, urging the PSC to clarify that its decision did not limit the ability of entities not parties to the 1999 stipulation to seek a reduction in FPL's base rates. SFHHA also filed a separate complaint requesting that FPL's rates be reduced under the interim rate procedures set forth in section 366.071 of the Florida Statutes.
Noting that SFHHA's requests for relief were closely related, the PSC determined that, as a whole, the pleadings intended to effect an interim rate reduction. The PSC acknowledged that Florida law permitted SFHHA to petition for interim rates during *1214 a rate proceeding, but determined that it had already declined to establish interim rates in its June 19 order by refusing to hold FPL revenues subject to a consumer refund. On this basis, the PSC determined that SFHHA's complaint constituted an improper collateral attack on the PSC's decision. The PSC also denied SFHHA's request for clarification of the June 19 order, determining that the pleading was either a request to commence the rate proceeding that had already begun, or a request to reduce FPL's rates with respect to SFHHA's members, which would create unduly discriminatory rates.[2] The PSC did not, as SFHHA contends, determine that SFHHA was bound by the 1999 stipulation, or otherwise precluded from petitioning for reduced rates.
Similarly, we determine that in the instant context, SFHHA should not be precluded or estopped from seeking a reduction in the rates provided for in the settlement agreement approved in April 2002. SFHHA is not a signatory to the settlement agreement, has no rights or liabilities thereunder, and cannot be precluded by its terms from petitioning for an even greater rate reduction. Moreover, we resolve that in any such proceeding, SFHHA and the PSC may presumptively access and rely on the evidence and testimony compiled in the proceeding below, subject to any confidentiality or use restrictions governing the initial introduction of that evidence.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
NOTES
[1] Signatories to the settlement agreement include: FPL, Office of Public Counsel, Florida Industrial Power Users Group, Florida Retail Federation, Lee County, Publix Supermarkets, Thomas P. and Genevieve Twomey, and Dynegy Midstream Services.
[2] Some of SFHHA's confusion regarding the interpretation of the PSC's order can be attributed to the discussion on page 11 of the order where the PSC reviews SFHHA's request for clarification that non-signatories were not bound by the 1999 stipulation, and states: "Presumably, the interpretation of the Order sought by SFHHA (either through clarification or reconsideration) would pave the way for SFHHA's amended petition [for interim rates]. Because we have dismissed SFHHA's amended petition, as discussed above, the requested interpretation is of no benefit to SFHHA." In re Complaint of South Fla. Hosp. and Healthcare Ass'n, Order Granting Motion to Dismiss, Granting Motion to Strike, and Denying Request for Clarification, Docket No. 001148-EI, Order No. PSC-01-1930-PCO-EI at 11, 2001 WL 1381427 (Sept. 25, 2001). While the excerpted passage is somewhat cryptic, we cannot subscribe to SFHHA's interpretation that the PSC effectively barred non-signatories to the 1999 stipulation from petitioning for reduced rates. Indeed, in the context of the same discussion, the PSC states that its June 19 order did not modify or interpret the terms of the 1999 stipulation, and that it had cited the stipulation only as a basis for declining to hold money subject to a refund. See id. at 12. The PSC further stated, "By denying SFHHA's request for clarification/reconsideration, we make no finding with respect to SFHHA's rights under the [1999] stipulation." Id.